U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 26 2019

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES HUNTER,                    §
                                   §
          Movant,                  §
                                   §
VS.                                §   NO. 4:18-CV-873-A
                                   §   (NO. 4:16-CR-028-A)
UNITED STATES OF AMERICA,          §
                                   §
          Respondent.              §

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Charles

Hunter, under 28 U.S.C. § 2255 to vacate, set aside, or correct

sentence. After having considered the motion (with attached

memorandum in support), the government's response, the reply, and

pertinent parts of the record in Case No. 4:16-CR-028-A, styled

"United States of America v. Charles Hunter, et al.," the court

has concluded that the motion should be denied.

I.

### Background

Information contained in the record of the underlying

criminal case discloses the following:

On February 10, 2016, movant was named in a one-count

indictment charging him with conspiracy to distribute 50 grams or

more of a mixture and substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 1. On March 16, 2016, movant was named in a one-count superseding indictment charging him with conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 27. And, on April 11, 2016, movant was named in a one-count superseding information, charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR Doc. 49.

On April 15, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 55. Movant waived the return of an indictment. CR Doc. 56. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 57. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was

---

[1]The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-028-A.

prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 116.

The probation officer prepared a PSR, which reflected that movant's base offense level was 34. CR Doc. 63, ¶ 48. Movant received a two-level firearm increase pursuant to U.S.S.G. 2D1.1(b)(1), id. ¶ 49, a two-level increase for maintaining premises for distribution of methamphetamine, id. ¶ 50, and a four-level increase for being an organizer or leader of drug-trafficking activity that involved at least five participants, id. ¶ 52. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 56, 57. Based on a total offense level of 39 and a criminal history category of V[2], movant's guideline imprisonment range was 360 months to life; however, the statutorily authorized maximum sentence was 20 years, making the guideline term of imprisonment 240 months. Id. ¶ 121.

---

[2]Paragraph 72 of the PSR says that the criminal history category was VI, based on a criminal history score of 14. CR Doc. 63, ¶ 72.

Movant filed a number of objections to the PSR. CR Doc. 80.

The probation officer prepared an addendum to the PSR setting

forth the reasons that the objections were invalid. CR Doc. 72.

On August 12, 2016, movant was sentenced to a term of

imprisonment of 240 months. CR Doc. 83. The court noted that, had

movant been charged with his true offense conduct, his guideline

range would have been 360 months to life. CR Doc. 117. Further,

movant's attorney had done a good job in negotiating the

government down from a 40-year maximum sentence to a 20-year

maximum sentence. Id. at 6-7. And,

> I'm going to sentence you at 240 months, the
> guideline sentencing range as created by the statutory
> maximum, and that will be combined with an obligation
> to serve a term of supervised release of 3 years once
> you've completed your sentence of imprisonment, and an
> obligation to pay a special assessment of $100.
> That sentence is probably not a great enough
> sentence to satisfy the factors the Court should
> consider in sentencing under 18 United States Code
> Section 3553(a), but it's the most the Court can
> impose.
> If the Court could impose a larger sentence,
> considering all the factors the Court should consider,
> the sentence would be well above 240 months, but the
> most the Court can do is the sentence I've described,
> and that's the sentence I plan to impose.

Id. at 7.

Movant appealed and his sentence was affirmed. United States

v. Hunter, 694 F. App'x 270 (5th Cir. 2017).

II.

## Grounds of the Motion

Movant asserts six grounds in support of his motion, worded

as follows:

    Ground One: Inappropriate Guideline Premises Enhancement
Applied.
    Ground Two: Inappropriate Guideline Firearm Enhancement
Applied.
    Ground Three: Inappropriate Guideline Leadership Enhancement
Applied.
    Ground Four: Inappropriate Guideline Drug Quantity Increase
Applied.
    Ground Five: PSR Narrative is Inaccurate and Untrue.
    Ground Six: Ineffective Assistance of Counsel.

Doc.[3] 11 at PageID[4] 194-95.

III.

## Standards of Review

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted. United States v. Frady, 456 U.S.

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991). A defendant can challenge his conviction or

sentence after it is presumed final on issues of constitutional

or jurisdictional magnitude only, and may not raise an issue for

---

[3]The "Doc.___" reference is to the number of the item on the docket in this civil action.

[4]The "PageID___" reference is to the page number assigned by the court's electronic filing
system.

the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete ᵧ miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal.  Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."  Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

6

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not

determine whether counsel's performance was deficient before

examining the prejudice suffered by the defendant as a result of

the alleged deficiencies." Strickland, 466 U.S. at 697; see also

United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).

"The likelihood of a different result must be substantial, not

just conceivable," Harrington v. Richter, 562 U.S. 86, 112

(2011), and a movant must prove that counsel's errors "so

undermined the proper functioning of the adversarial process that

the trial cannot be relied on as having produced a just result."

Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting

Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

claim must be highly deferential and the defendant must overcome

a strong presumption that his counsel's conduct falls within the

wide range of reasonable professional assistance. Strickland,

466 U.S. at 689. Simply making conclusory allegations of

deficient performance and prejudice is not sufficient to meet the

Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.

2000).

## IV.

### Analysis

As worded, movant's first five grounds all complain about
the PSR and the court's guideline decisions. However,
misapplication of the sentencing guidelines is not a ground that
can be raised by § 2255 motion. United States v. Williamson, 183
F.3d 458, 462 (5th Cir. 1999); Beaudoin v. United States, No.
4:18-CV-325-A, 2018 WL 3235549, at *3 (N.D. Tex. (July 2, 2018).

Finally, movant argues that he received ineffective
assistance of counsel at trial and on appeal. He complains that
his trial counsel did not present evidence to support his
objections to the PSR (as described in grounds 1-5 of his
motion). Although movant has attached a number of documents to
his motion, none of them, or the motion itself, is verified.[5]
What the outcome of the objections might have been is speculative
at best. Imposition of the enhancements is supported by the PSR.
As the court noted, movant's counsel managed to get his exposure
cut in half, from forty years to twenty. Counsel may well have
decided not to press frivolous objections and risk loss of
acceptance of responsibility. With regard to appellate counsel,

---

[5]Among them are letters that read like law school examination answers. Doc. 11 at PageID 240-68. One of them refers to a prior conviction as being a crime of violence that could be used as a predicate to conviction as a career criminal, citing 26 U.S.C. § 5845(a). Id. at PageID 266. Any contention that movant, with his tenth grade education, raised these matters with counsel before sentencing is incredible.

movant merely argues that his attorney "completely failed to cite any case law." Doc. 11 at PageID 221. Movant is mistaken. His counsel cited and discussed applicable case law. <u>United States v. Hunter</u>, No. 16-11303, 2017 WL 1037248 (Mar. 8, 2017). In any event, he fails to show that he would have prevailed had any other argument been made. Movant himself asserts (erroneously) that his grounds were based on ineffective assistance and were not (and would not have been) considered on appeal.[6] Finally, as the record reflects, the court would not have imposed less than a twenty-year sentence in this case.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

---

[6]On appeal, movant contended that the district court procedurally erred by applying a two-level sentencing enhancement for possession of a firearm, a two-level enhancement for maintaining a premises for the purpose of distributing methamphetamine, and a four-level enhancement for being an organizer or leader of drug trafficking activity involving five or more participants. He conceded that appellate review was for plain error. The court said that, at a minimum, movant failed to make an adequate showing that the alleged error affected the fairness, integrity, or public reputation of the judicial proceedings. Movant argued that the court should consider that his counsel rendered ineffective assistance, but the court refused to do so. <u>United States v. Hunter</u>, 694 F. App'x 270 (5th Cir. 2017).

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 26, 2019.

_____
JOHN McBRYDE
United States District Judge